## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

LINDSAY POWELL,          }
                            }
     Plaintiff,          }
                            }
vs.                     }     No.
                            }
DENIS McDONOUGH, Secretary of  }
U.S. DEPARTMENT OF VETERAN  }
AFFAIRS,          }
                            }
     Defendant.       }     **JURY DEMANDED**

## COMPLAINT FOR EMPLOYMENT DISCRIMINATION ON THE BASIS OF SEX, DISABILITY AND RETALIATION

Plaintiff, by and through her attorney, Gilpin Law Firm, LLC (Donald G. Gilpin and Christopher P. Machin), allege and state:

## JURISDICTION AND VENUE

1.     This action is brought by Plaintiff to remedy discrimination and retaliation on the basis of sex and disability in the terms, conditions, and privileges of employment in violation of the Civil Rights Act of 1964 as amended, 42 U.S.C. Section 2000e et. seq. Further, Plaintiff seeks damages and other appropriate legal relief.

2.     Plaintiff Lindsay Powell ("Powell") is currently a resident of Amarillo, Texas.

3.     Upon information and belief, Defendant Denis McDonough is the Secretary of the U.S. Department of Veterans Affairs (VA), and is a governmental entity. Defendant is an employer within the meaning of the Title VII.

4.     Venue is proper because all the unlawful practices complained of herein occurred within the District of New Mexico.

1

5.      Plaintiff has exhausted her administrative remedies and received her Notice of Right to Sue.

## **ALLEGATIONS**

6.      Powell began her employment with the Albuquerque Veteran's Administration in September 2016.

7.      Powell was employed as a GS-6 with the Veterans Administration.   Powell is female.   Powell was employed as a Police Officer.

8.      Powell suffers from a military service connected disability, PTSD.   Powell's disability affects her daily activities of sleep, and her cognitive functions.

9.      From September 25, 2018 to January 23, 2019, Powell was subject to a hostile work environment.

10.     The hostile work environment consisted of derogatory sexual remarks made by Powell's Supervisor.   One comment that was made several times was "Powell was giving "blow jobs" while working.

11.     On November 7, 2018, Plaintiff was issued a written warning.

12.     On December 5, 2018, Plaintiff was assigned extra duties.

13.     On January 3, 2019, Plaintiff was denied training.

14.     On January 4, 2019, Plaintiff requested accommodation of a set schedule was not accommodated consistently.

15.     On January 17, 2019, Plaintiff's arrest authority was suspended.

16.     On January 18, Plaintiff was reassigned with no training or equipment to perform her duties.

17.     On January 29, 2019, Plaintiff was assigned to the VA pharmacy without training.

18.     During the month of January 2019, Plaintiff was subjected to multiple investigations.

19.     On March 5, 2019, Plaintiff was informed that she had been reassigned for reporting sexual comments.

20.     On May 29, 2019, Plaintiff was informed by co-workers that the Chief of Police wanted to get rid of Powell.

21.     On November 7, 2020, Plaintiff was removed from federal service,

22.     As a result of Defendant's actions, Powell has suffered harm in the form of lost wages and benefits.

23.     As a result of Defendant's actions, Powell has suffered harm in the form of emotional distress and incurred costs.

## <u>COUNT I. RETALAITION</u>

24.     Plaintiff Powell repeats and realleges each and every allegation contained in paragraphs 1 through 23 of this complaint with the same force and effect as if set forth herein.

25.     Defendant has retaliated against Powell in the terms and conditions of her employment for opposing discrimination in the workplace in violation of Title VII.

26.     The retaliation consisted of Defendant having Powell subjected to a hostile work environment and termination.

27.     Powell has suffered and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory practices unless and until this Court grants relief.

## <u>JURY DEMAND</u>

28.     Plaintiff requests a trial by jury.

**WHEREFORE**, Plaintiff respectfully requests that this Court enter a judgment:

(A)     Awarding Plaintiff compensatory damages that would make her whole for all earnings she would have received but for Defendant's discriminatory and retaliatory treatment, including but not limited to, wages, pension, and other benefits;

(B)     Awarding Plaintiff the costs for this action together with reasonable attorney's fees as provided by Title VII;

(C)     Awarding Plaintiff compensatory damages for her mental anguish and humiliation;

(D)     Awarding Plaintiff special compensatory damages; and

(E)      Granting such other and further relief as this Court deems necessary and proper.


Respectfully submitted,

GILPIN LAW FIRM, LLC


*/s/ Donald G. Gilpin*
Donald G. Gilpin
Christopher P. Machin
6757 Academy Road NE
Ste. B
Albuquerque, NM 87109
Phone: 505-244-3861
Fax: 505-254-0044
*Attorneys for Plaintiff*

4